**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY J. STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00232-RK |
| | ) | |
| JAMES C. BROWNSBERGER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This is an unlawful arrest and excessive force action brought by Plaintiff Timothy J. Stewart. Plaintiff alleges four counts pursuant to 42 U.S.C. § 1983 (Counts 1 through 4) against various defendants including Officer James C. Brownsberger, and one state-law battery claim against Officer Brownsberger in his individual and official capacity (Count 5). Before the Court is Officer Brownsberger's motion to dismiss Count 5 under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. (Doc. 6.) Specifically, Officer Brownsberger argued that Plaintiff's state-law battery claim is time-barred under the two-year statute of limitations established under § 516.140, RSMo. The motion to dismiss is fully briefed. (Docs. 12, 13.) In his reply, Officer Brownsberger concedes that rather than the general two-year statute of limitations for battery claims under § 516.140, the applicable statute-of-limitations provision to Count 5 here is § 516.130, RSMo, establishing a three-year statute of limitations. The Court agrees. Accordingly, the Court **ORDERS** that Officer Brownsberger's motion to dismiss is **DENIED**.

## Discussion

In Count 5 of the complaint, Plaintiff alleges that Officer Brownsberger is liable for battery in both his individual and official capacity[1] following an altercation on March 18, 2023, which

---

[1] Like a claim under 42 U.S.C. § 1983, Plaintiff's common law battery claim against Officer Brownsberger in his official capacity is properly construed as a claim against Kansas City. *See Stockley v. Joyce*, No. 4:18-CV-873 CAS, 2019 WL 630049, at *28 (E.D. Mo. Feb. 14, 2019) ("A suit against a government employee in his or her official capacity is equivalent to a suit against the government entity itself . . . ."); *Edwards v. McNeill*, 854 S.W.2d 678, 682 (Mo. Ct. App. 1995) ("When a cause of action is stated against a state official in his official capacity, the action is one against the state. . . . [O]fficial-capacity suits are one method of pleading an action against an entity . . . .").

1

occurred while Officer Brownsberger was responding to a car accident involving Plaintiff's vehicle. (*See generally* Doc. 1.) Plaintiff alleges that while arresting Plaintiff for disorderly conduct, Officer Brownsberger "slamm[ed]" Plaintiff to the ground twice, "punch[ed] him closed fist to the face[,] head and torso area several times," and "dr[ove] his fist, elbow and forearm into Plaintiff's head and face while being on to[p] of Plaintiff's person." (*Id.* at ¶ 82.)[2] The parties agree that the statute-of-limitations period for this state-law battery claim thus began to run on March 18, 2023. Plaintiff filed his complaint on March 18, 2026, three years later.

Initially, Officer Brownsberger argued that Plaintiff's state-law battery claim was subject to the two-year statute of limitations established under § 516.140, which is generally applicable to claims for assault and battery, among other causes of action. Section 516.130, in turn, provides that "[a]n action against a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty," shall be brought within three years.

The Missouri Court of Appeals has held that law enforcement officers (including city police officers) are included in the phrase "other officers" as used within § 516.130. *Dilley v. Valentine*, 401 S.W.3d 544, 551-52 (Mo. Ct. App. 2013). The Missouri Court of Appeals has also held that the phrase "act in an official capacity" as used within § 516.130 refers to a public servant "acting within the scope of what he or she is employed to do rather than being engaged in a personal frolic"; the phrase "delineates between an action performed for work purposes rather than for personal ones." *Id.* at 553 (quoting *Kinder v. M. Dep't of Corrs.*, 43 S.W.3d 369, 373 (Mo. Ct. App. 2001)); *see Rice v. City of Ferguson*, No. 4:19-CV-01563 SRC, 2020 WL 709249 (E.D. Mo. Feb. 12, 2020) (in assessing whether a defendant was acting "in his official capacity" for purposes of § 516.130's statute of limitations, it must be determined whether the actions against a plaintiff were performed for work purposes or for personal ones).

Here, Plaintiff asserts a state-law battery claim against Officer Brownsberger, a KCPD police officer, for employing excessive force against Plaintiff while arresting Plaintiff after Officer Brownsberger responded to the scene of a car accident. While both statutes of limitation appear

---

[2] Among other constitutional claims, Plaintiff also asserts a Fourth Amendment excessive force claim against Officer Brownsberger under 42 U.S.C. § 1983. (*See* Doc. 1 at 28-31 (Count 3).) Officer Brownsberger did not file a motion to dismiss this claim (or any other claim other than Count 5) but instead filed an answer to the complaint. (Doc. 7.)

to apply, as a general principle under Missouri law, "when two separate statutes deal with the same subject matter, [the Court] must read the two statutes together, harmonize them, and give effect to the provisions of each," which includes "apply[ing] the provisions of a more specific statute instead of the provisions of a more general one." *Laramore v. Jacobsen*, 613 S.W.3d 466, 470 (Mo. Ct. App. 2020). Section 516.130, is the more specific statute and therefore applies here (as Officer Brownsberger concedes in his reply). *See id.*

Accordingly, the Court **ORDERS** that Officer Brownsberger's motion to dismiss Count 5 as time-barred under the statute of limitations is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: June 11, 2026

3